*Richard R. Barker*
*Acting United States Attorney*
Derek T. Taylor
Timothy M. Durkin
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| COLIN GEORGE,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>U.S. DEPARTMENT OF THE INTERIOR,<br>an agency of the United States of America,<br><br>　　　　　　Defendant. | Case No. 2:25-cv-00055-RLP<br><br>**DEENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** |

　　　Defendant United States Department of the Interior ("DOI"), by and through its undersigned counsel, hereby files this Answer to the Complaint of Plaintiff Colin George (Dkt. 1), and in support thereof, respectfully admits, denies, or otherwise avers as follows in response to the specific allegations in the Complaint:

　　　The answers contained in the numbered paragraphs are intended as answers to the corresponding numbered paragraphs in Plaintiff's complaint, and any allegations that are not specifically provided in the answers below are hereby denied.

DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES - 1

## I. NATURE OF THE CASE

1.1     Paragraph 1.1 contains a description of Plaintiff's activities, to which no response is required. Insofar as an answer may be required, the National Park Service ("NPS") admits it produced twelve pages in response to Plaintiff's request for information under the Freedom of Information Act ("FOIA"). The NPS admits it has not responded to Plaintiff's appeal.

1.2     Paragraph 1.2 contains Plaintiff's characterization of its claims and descriptions of Plaintiff's FOIA request and FOIA appeal, to which no response is required. Insofar as an answer may be required, DOI admits that Plaintiff brings this action pursuant to the Freedom of Information Act ("FOIA"). Defendant respectfully refers the Court to Plaintiff's FOIA request and FOIA appeal for a statement of their contents. Defendant denies the APA applies to this case.

1.3     Paragraph 1.3 contains Plaintiff's characterization of the FOIA and conclusions of law, to which no response is required.

1.4     Paragraph 1.4 contains Plaintiff's characterization of the FOIA and conclusions of law, to which no response is required.

1.5     Paragraph 1.5 contains Plaintiff's characterization of the claims in this lawsuit, to which no response is required. To the extent that a response is deemed necessary, the NPS admits it has not responded to Plaintiff's appeal, but otherwise denies the allegations in this paragraph.

DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES - 2

1.6    Paragraph 1.6 contains Plaintiff's characterization of the claims in this lawsuit and conclusions of law, to which no response is required.

## II.    PARTIES

2.1    DOI is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2.1. To the extent that a response is deemed necessary, deny.

2.2    DOI admits that it is an agency within the meaning of 5 U.S.C. § 552(f)(1). The remaining allegation is a conclusion of law, to which no response is required.

## III.    JURISDICTION AND VENUE

3.1    Paragraph 3.1 contains conclusions of law, to which no response is required. To the extent that a response is deemed necessary, DOI admits only that this Court has jurisdiction subject to the limitations of FOIA. DOI further avers that the statutes cited speak for themselves.

3.2    Paragraph 3.2 contains conclusions of law, to which no response is required. To the extent that a response is deemed necessary, DOI admits only that venue is proper in the judicial district. DOI further avers that the statutes cited speaks for themselves.

## IV.    FACTS

4.1    DOI admits receiving Plaintiff's FOIA request on December 18, 2023. The remainder of the paragraph consists of Plaintiff's characterization of that FOIA

DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES - 3

request, to which no response is required. The request speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the request for a statement of its contents.

4.2  DOI admits sending Plaintiff a letter, including all non-exempt records responsive to Plaintiff's FOIA request, via electronic mail on February 6, 2024. The remainder of the paragraph consists of Plaintiff's characterization of the contents of the letter and records, to which no response is required. The letter and records speak for themselves and are the best evidence of their contents. Defendant respectfully refers the Court to the letter and record for a statement of their contents.

4.3  DOI admits receiving Plaintiff's FOIA appeal on February 21, 2024. The remainder of the paragraph consists of Plaintiff's characterization of that FOIA appeal, to which no response is required. The request speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the request for a statement of its contents.

4.3.1. Paragraph 4.3.1. contains Plaintiff's characterization of its FOIA appeal, to which no response is required. The appeal speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the appeal for a statement of its contents.

4.3.2. Paragraph 4.3.2. contains Plaintiff's characterization of its FOIA appeal, to which no response is required. The appeal speaks for itself and is the best evidence

of its contents. Defendant respectfully refers the Court to the appeal for a statement of its contents.

4.3.3. Paragraph 4.3.3. contains Plaintiff's characterization of its FOIA appeal, to which no response is required. The appeal speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the appeal for a statement of its contents.

4.3.4. Paragraph 4.3.4. contains Plaintiff's characterization of its FOIA appeal, to which no response is required. The appeal speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the appeal for a statement of its contents.

4.3.5. Paragraph 4.3.5. contains Plaintiff's characterization of its FOIA appeal, to which no response is required. The appeal speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the appeal for a statement of its contents.

4.4    Admit.

4.5    DOI is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4.5, and therefore denies the same. The remainder of Paragraph 4.5 contains Plaintiff's characterization of its FOIA request, to which no response is required. The request speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the request for a statement of its contents.

DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES - 5

4.5.1 Paragraph 4.5.1 contains Plaintiff's characterization of a referenced "Lake Chelan Settlement," to which no response is required. The "Lake Chelan Settlement," speaks for itself and is the best evidence of its contents. The remainder of paragraph 4.5.1 contains legal conclusions, to which no response is required. To the extent a response is required, DOI denies the same.

4.5.2 DOI is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4.5.2. To the extent that a response is deemed necessary, DOI denies the same. Paragraph 4.5.2 also contains Plaintiff's conclusions of law, to which no response is required.

4.5.3 Paragraph 4.5.3 contains Plaintiff's characterization of a referenced "Lake Chelan Settlement," to which no response is required. The "Lake Chelan Settlement," speaks for itself and is the best evidence of its contents. The remainder of paragraph 4.5.3 contains legal conclusions, to which no response is required. To the extent a response is required, DOI denies the same.

4.6    Admit.

4.7    Deny. DOI avers that it disclosed records responsive to Plaintiff's FOIA Request on February 6, 2024.

4.8    Paragraph 4.8 contains conclusions of law, to which no response is required. To the extent that a response is deemed necessary, deny.

4.9    Paragraph 4.9 contains conclusions of law, to which no response is required. To the extent that a response is deemed necessary, DOI deny.

4.10 Paragraph 4.10 contains conclusions of law, to which no response is required. To the extent that a response is deemed necessary, deny.

4.11 Admit.

4.12 DOI is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4.12.

4.13 Deny.

4.14 Paragraph 4.14 contains conclusions of law, to which no response is required. To the extent that a response is deemed necessary, deny.

4.15 Deny.

**V. CAUSES OF ACTION**

Claim 1

VIOLATION OF FOIA: THE DECISION DEALINES

5.1 DOI incorporates by reference its responses contained in the preceding paragraphs.

5.2 Paragraph 5.2 refers to statutory authority, to which no response is required. The statute cited speaks for itself.

5.3 Paragraph 5.3 contains conclusions of law, to which no response is required. To the extent that a response is deemed necessary, deny.

5.4 Paragraph 5.4 contains conclusions of law, to which no response is required. To the extent that a response is deemed necessary, deny.

## Claim 2

## VIOLATION OF FOIA: UNLAWFUL CONSTRUCTIVE DENIAL/WITHHOLDING

5.5 DOI incorporates by reference its responses contained in the preceding paragraphs.

5.6 Paragraph 5.6 refers to statutory authority and contains conclusions of law, to which no response is required. The statute cited speaks for itself. To the extent that a response is deemed necessary, deny.

5.7 Paragraph 5.7 contains conclusions of law, to which no response is required. To the extent that a response is deemed necessary, deny.

5.8 Paragraph 5.8 contains conclusions of law, to which no response is required. To the extent that a response is deemed necessary, deny.

## Claim 3

## VIOLATIONS OF FOIA: FAILURE TO PROVIDE ESTIMATED COMPLETION DATE

5.9 DOI incorporates by reference its responses contained in the preceding paragraphs.

5.10 Paragraph 5.10 contains conclusions of law, to which no response is required. To the extent that a response is deemed necessary, admit.

DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES - 8

5.11  Paragraph 5.11 contains conclusions of law, to which no response is required. To the extent that a response is deemed necessary, DOI admits it has not provided Plaintiff with an estimated date of completion for his FOIA Appeal.

5.12  Paragraph 5.12 contains conclusions of law, to which no response is required. To the extent that a response is deemed necessary, deny.

Claim 4

(In the alternative)

VIOLATIONS OF THE APA: FAILURE TO COMPLY WITH FOIA

5.13 DOI incorporates by reference its responses contained in the preceding paragraphs.

5.14 Paragraph 5.14 contains conclusions of law, to which no response is required. To the extent that a response is deemed necessary, deny.

5.15 Paragraph 5.15 contains conclusions of law, to which no response is required. To the extent that a response is deemed necessary, deny.

5.16 Paragraph 5.16 contains conclusions of law, to which no response is required. To the extent that a response is deemed necessary, deny.

5.17 Paragraph 5.17 contains conclusions of law, to which no response is required. To the extent that a response is deemed necessary, deny.

**REQUEST FOR RELIEF**

The remaining paragraphs of the Complaint set forth Plaintiff's request for relief, to which no response is required. To the extent that these paragraphs may be

DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES - 9

deemed to contain factual allegations to which a response may be required, they are denied. Defendant denies all allegations not specifically admitted herein.

## GENERAL DENIAL

Pursuant to Rule 8(b)(3), Defendant denies all allegations in the Complaint which it has not otherwise specifically admitted or denied herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim for which relief can be granted.

2. Plaintiff is not entitled to a Jury Trial in FOIA litigation.

3. The Court lacks subject matter jurisdiction over one or more of Plaintiff's claims.

4. Plaintiff is not entitled to attorney fees and/or costs.

RESPECTFULLY SUBMITTED:    April 21, 2025.

Richard R. Barker
Acting United States Attorney

*s/ Derek T. Taylor*
Derek T. Taylor
Timothy M. Durkin
Assistant United States Attorneys
Attorneys for United States

DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES - 10

## *Certificate of Service*

I hereby certify that on April 21, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Jesse Wing | JesseW@mhb.com |
| Branden Pence | BradenP@mhb.com |
| Anika Ades | AnikaA@mhb.com |
| Adarsh Parthasarathy | AdarshP@mhb.com |

And to the following non CM/ECF participants:  N/A

*s/ Derek T. Taylor*
Assistant United States Attorney